# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Michael Schweizer,**
**Petitioner Below, Petitioner**

**FILED**

May 30, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0976** (Ohio County 13-CAP-6)

**The West Virginia Racing Commission,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Michael Schweizer, by counsel Gail W. Kahle, appeals the Circuit Court of Ohio County's August 16, 2013, order finding that there was sufficient evidence to warrant the revocation of petitioner's occupational permit. Respondent the West Virginia Racing Commission ("the Commission"), by counsel Kelli D. Talbott, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner John Michael Schweizer obtained an occupational permit from the Commission to work as a trainer's helper. In July of 2012, petitioner was employed by a kennel. On July 27, 2012, he was responsible for delivering seven racing greyhounds to the Wheeling Island Racetrack Casino for weigh-in and racing. Petitioner claims that when he removed a dog named Mad Max from the truck, the dog immediately attacked and attempted to mount a female greyhound also under petitioner's care. Petitioner admits striking the male dog in order "to stop the sexual assault in progress." Both dogs participated in their races that day. Susan Baker and Ron Otto, both employees of another kennel on July 27, 2012, witnessed the events. Ms. Baker was the complaining witness.

On August 2, 2012, petitioner was provided with a notice of hearing setting the hearing before the board of judges on August 4, 2012. Petitioner claims that he appeared at the hearing and requested a continuance to obtain counsel but that his request was denied. On August 10, 2012, the Board of Judges for Wheeling Island Racetrack issued its ruling revoking petitioner's license for subjecting or allowing an animal under his control, custody or supervision to any form of cruelty, mistreatment, neglect, abuse, abandon or deprivation of necessary care of sustenance, shelter or veterinary care. Petitioner appealed that ruling, and an administrative hearing was held on October 5, 2012, by a hearing examiner appointed by the West Virginia

1

Racing Commissioner. The "Hearing Examiner's Findings of Fact, Conclusions of Law, and Recommended Order" was entered on January 30, 2013, wherein the hearing examiner recommended that the ruling be affirmed in all respects and that the appeal be denied. On February 26, 2013, the "West Virginia Racing Commissioner's Final Decision and Order" was entered, adopting and accepting the recommended decision of the Racing Commissioner's designated hearing examiner. Thereafter, petitioner appealed that decision to the circuit court on March 20, 2013.

On August 16, 2013, the circuit court entered its order denying petitioner's appeal, stating that there was sufficient evidence to warrant the revocation of petitioner's occupational permit. The circuit court stated that it could not discern any abuse of discretion in the application of the law by the Commission. It also found that the findings of fact and conclusions of law made by the Commission were not arbitrary or capricious or a clearly unwarranted exercise of discretion. The circuit court noted that it could not substitute its own findings and credibility determinations for those of the hearing examiner merely because it may disagree with those findings and determinations. Further, the circuit court stated that it was compelled to give appropriate deference to the hearing examiner's findings and credibility determinations, so it must affirm the Commission's final decision and order. Petitioner appeals from that order.

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) [concerning contested cases under the West Virginia Administrative Procedures Act] and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

*White v. Miller*, 228 W.Va. 797, 802, 724 S.E.2d 768, 773 (2012).

In his appeal, petitioner asserts three assignments of error. First, he contends that the circuit court erred when it affirmed the decision of the Commission, indefinitely revoking petitioner's occupational permit when the record of the underlying administrative proceeding was void of substantial evidence tending to support such revocation. Petitioner argues that the administrative law judge made erroneous findings of fact concerning petitioner's actions toward the dog, Mad Max. He claims that his actions on July 27, 2012, were done to stop Mad Max from sexually assaulting the female dog. Petitioner points to his own testimony that he tried to separate the dogs by pulling on their leads before striking Mad Max, stating that there was no contradictory testimony. He also points to the testimony of Ron Otto, a witness who testified that petitioner only hit Mad Max once. Petitioner discounts the testimony of Susan Baker, arguing that Ms. Baker was angry with petitioner for comments he made to her that were unrelated to the Mad Max incident. He contends that Ms. Baker's testimony that petitioner punched the dog in the head three times is not substantial evidence that petitioner struck Mad Max with a closed fist three times. He further claims that the facts established below do not meet the standard necessary to impose a disciplinary sanction on petitioner as required by 178 C.S.R. § 2-37.15. In addition, petitioner argues that there is a question whether petitioner's striking of the dog was an unusual act of cruelty.

As set forth above, findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong. In addition, "a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by a [hearing examiner] are similarly entitled to deference." Syl. Pt. 1, in part, *Cahill v. Mercer County Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000). The hearing examiner in the instant case heard testimony from several witnesses and was in the best position to determine the credibility of those witnesses. The hearing examiner apparently found Ms. Baker's testimony to be the most credible. It is not this Court's role to substitute its judgment for that of the hearing examiner. Therefore, based on the record before this Court, we cannot find that the circuit court erred in affirming the factual findings made by the hearing commissioner that formed the basis of the Commission's revocation of petitioner's occupational permit. Further, West Virginia Code § 61-8-19 addresses cruelty to animals and states, in part, that "[i]t is unlawful for any person to intentionally, knowingly or recklessly, (A) mistreat an animal in a cruel manner. . . ." While this Court is not aware of any criminal charges currently pending against petitioner, this statute is informative in this matter. Based upon the hearing examiner's finding that petitioner punched the male dog in the head three times with a closed fist, we find no error in the holding that petitioner's conduct constituted cruelty to animals.

Petitioner's second and third assignments of error are similar and will be addressed together. His second assignment of error is that the circuit court acted in an arbitrary and capricious manner or, alternatively, abused its discretion in affirming the decision of the Commission when the record in the administrative proceeding established that all actions taken by petitioner were done solely to protect an animal under his charge. His third assignment of error is that the circuit court committed error in affirming a career ending death sentence in petitioner's chosen field and represents an unbridled abuse of discretion, robbing petitioner of his ability to earn a living with inadequate procedural safeguards.

Petitioner asserts that the Wheeling Island Board of Judges is an unbridled state agency gone wild, without regard to rule of law. Petitioner is critical of the Commission's consideration of several prior disciplinary charges, which range from bringing the wrong dog to a race to an altercation with a trainer. He argues that he has a liberty interest in his ability to maintain a lawful profession and that the revocation of his occupational permit is intolerable. Pursuant to 178 C.S.R. § 2-3.1, in effect in July of 2012, the Commission is charged with regulating each greyhound race meeting in the State of West Virginia and the conduct of all persons who participate in each greyhound race meeting.[1] State regulations allow the Commission to suspend or revoke a permit, impose a fine, exclude from association grounds, and/or order other disciplinary measures against any person engaging in conduct which violates the provisions of that rule. 178 C.S.R. § 2-36. Regulations also prohibit "[s]ubjecting or allowing any animal under his or her control, custody or supervision to any form of cruelty, mistreatment, neglect, abuse, abandon or deprivation of necessary care or sustenance, shelter or veterinary care." 178 C.S.R. § 2-37.15.

---

[1]178 CSR § 2-2.49 defines meeting as "the total specified periods and dates each year during which an association is authorized by the Racing Commission to conduct racing and/or pari-mutuel wagering."

As set forth above, the hearing commissioner's findings of fact are entitled to great deference. *White* at 802, 724 S.E.2d at 773. However, they may be overturned if the reviewing court believes they are clearly wrong. *Id.* Further, the Administrative Procedures Act provides that a reversal is warranted only where the administrative decision is arbitrary and capricious. W.Va. Code § 29A-5-4(g). While petitioner argues that reversal is necessary, based upon our review of the record, we do not agree. There was evidence that petitioner struck Mad Max in the head with a closed fist three times. The board of judges and the hearing examiner were in the best position to make the credibility determination and apparently found this testimony to be credible. The record shows that petitioner received not only an initial hearing, but multiple levels of review, including an administrative hearing and resulting order and an appeal before the circuit court. In both of those appeals, the reviewers found that there was sufficient evidence to support the findings contested by petitioner. It should also be noted that the regulations provide that a hearing on appeal by a permit holder from a decision from the board of judges is reviewed de novo by the Commission. 178 C.S.R. § 6-4.7.a. It is clear from the record that there are adequate procedural safeguards in place to protect petitioner and others similarly situated in such administrative actions and appeals. Therefore, we find that neither petitioner's second nor his third assignments of error warrant reversal of the circuit court's order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 30, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II